IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | 8:09CV77 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on March 4, 2009. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on March 4, 2009, against the Nebraska Department of Human Services ("NDHS"). (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that Defendant reduced his food stamp benefits in violation of the Food Stamp Act ("FSA"). (*Id*.)

Plaintiff alleges that he "timely" appealed Defendant's decision to reduce his food stamp benefits, but Defendant incorrectly provided him with the reduced amount of food stamps rather than the amount authorized prior to the reduction. (*Id*. at CM/ECF pp. 1-2.) Plaintiff alleges he is entitled to receive the amount authorized prior to the reduction while his appeal is pending. (*Id*. at CM/ECF p. 2.) Plaintiff seeks preliminary injunctive relief in the form of a court order that directs Defendant to provide him with $176.00 in food stamps while his appeal is pending. (*Id*. at

CM/ECF pp. 2-3.) Plaintiff also seeks "whatever else the court deems just." (*Id.* at CM/ECF p. 3.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Class Representatives

Plaintiff purports to bring this action as a "class action." (Filing No. 1 at CM/ECF p. 4.) However, the Complaint does not allege the required prerequisites to pursue a class action. *See* Fed. R. Civ. P. 23. In addition, Plaintiff, as pro se

2

litigant, may not represent other parties, even in a class action proceeding. *See, e.g., Jonak v. John Hancock Mut. Life Ins. Co.*, 629 F. Supp. 90, 93 (D. Neb. 1985) (concluding that a pro se plaintiff could not fairly and adequately protect the interests of a class); *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (citations omitted) ("Every court that has considered the issue has held that a prisoner proceeding pro se is inadequate to represent the interests of his fellow inmates in a class action."); *see also Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Allnew v. City of Duluth*, 983 F.Supp. 825, 831 (D. Minn. 1997) (joining "those Courts which have determined that the rights and interests of potential class members are of too critical importance to be entrusted to a litigant who is not ably assisted by fully competent legal counsel"). Because a pro se plaintiff cannot serve as class representative for any purported class, the court will treat the Complaint as affecting only Plaintiff's interests.

**B.     Plaintiff's Food Stamp Act Claim**

The court liberally construes Plaintiff's Complaint to allege that Defendant violated provisions of the FSA. The FSA established a federally funded, state administered program to alleviate hunger and malnutrition among low-income households. *See* 7 U.S.C. § 2011. Participating states are required to submit a "state plan of operation" to the Secretary of Agriculture for approval before they can receive FSA funds. *See* 7 U.S.C. § 2020(d). In addition, participating states must comply with the administrative requirements under section 2020. Subsection 2020(e) provides that:

> The State plan of operation . . . shall provide. . . .
>
>         . . .

3

> (10) for the granting of a fair hearing and a prompt determination thereafter to any household aggrieved by the action of the State agency under any provision of its plan of operation as it affects the participation of such household in the supplemental nutrition assistance program or by a claim against the household for an overissuance: *Provided*, That any household which timely requests such a fair hearing after receiving individual notice of agency action reducing or terminating its benefits within the household's certification period shall continue to participate and receive benefits on the basis authorized immediately prior to the notice of adverse action until such time as the fair hearing is completed and an adverse decision rendered or until such time as the household's certification period terminates, whichever occurs earlier, except that in any case in which the State agency receives from the household a written statement containing information that clearly requires a reduction or termination of the household's benefits, the State agency may act immediately to reduce or terminate the household's benefits and may provide notice of its action to the household as late as the date on which the action becomes effective.

7 U.S.C. § 2020(e)(10).

Here, Plaintiff alleges that he "timely" appealed Defendant's decision to reduce his food stamp benefits but did not continue to receive the benefit amount authorized prior to the reduction. (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff alleges he is entitled to this benefit amount while his appeal is pending. (*Id*. at CM/ECF p. 2.) However, Plaintiff does not explain why he is entitled to the prior benefit amount. Stated another way, Plaintiff has not alleged facts sufficient to suggest that Defendant's decision to reduce his benefits was not related to "information that clearly require[d] a reduction . . . of [his] benefits." 7 U.S.C. § 2020(e)(10). If Defendant's decision was related to such information, Plaintiff is not entitled the

4

benefit amount authorized prior to the reduction because Defendant "may act immediately" to reduce his benefits. *Id*.

In short, Plaintiff's allegations, without more, are not sufficient to support the claims advanced. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (holding that a pro se complaint "must allege sufficient facts to support the claims advanced"). However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint in order to explain why he is entitled to a higher food stamp benefit amount than that which he currently receives. In the absence of the filing of an amended complaint, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted.

### C. Plaintiff's Request for a Preliminary Injunction

Liberally construed, Plaintiff also seeks a preliminary injunction in the form of a court order that directs Defendant to provide him with $176.00 in food stamps while his appeal is pending. (*Id*. at CM/ECF pp. 2-3.) However, Plaintiff does not address the standard set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981).

In *Dataphase*, the Eighth Circuit, sitting *en banc*, clarified the standard district courts should apply when considering a motion for preliminary injunctive relief. Under this standard, courts consider:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Dataphase*, 640 F.2d at 113.  "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).

> At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. . . .
>
> . . . .
>
> [W]here the balance of other factors tips decidedly toward movant a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation.

*Dataphase*, 640 F.2d at 113.

Here, Plaintiff has not alleged that there is a threat of irreparable harm, or for that matter facts sufficient to succeed on the merits.  Consequently, the court finds that the *Dataphase* factors do not favor the Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief at this time.

IT IS THEREFORE ORDERED that:

1.   Plaintiff's Complaint fails to state a claim upon which relief may be granted.  However, Plaintiff shall have until **June 18, 2009**, to amend his Complaint in accordance with this Memorandum and Order.  In the absence of Plaintiff's filing an amended complaint, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915(e)(2).

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review case for amended complaint on **June 18, 2009**, and dismiss if none filed.

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

May 18, 2009.                    BY THE COURT:

                                 s/ Joseph F. Bataillon
                                 Chief United States District Judge